UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOYCE RICHARD, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01931-JMS-TAB |
| ) | |
| TOYOTA MOTOR CORPORATION, TOYOTA ) | |
| MOTOR SALES USA, INC., and TOYOTA MOTOR ) | |
| ENGINEERING AND MANUFACTURING NORTH ) | |
| AMERICA, INC., ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

Presently pending before the Court is *pro se* Plaintiff Joyce Richard's Motion to Disqualify Defendant Counsels. [Filing No. 33.] For the reasons detailed below, Plaintiff's motion is **DENIED**.

### I.
### BACKGROUND

On December 8, 2015, Ms. Richard filed a *pro se* Complaint against Defendants Toyota Motor Corporation ("TMC"), Toyota Motor Sales USA, Inc. ("TMS"), and Toyota Motor Engineering and Manufacturing North America, Inc. ("TEMA") (collectively, "Toyota"), seeking damages for injuries she allegedly suffered while driving a 2009 Toyota Prius. [Filing No. 1.] Specifically, Ms. Richard alleges that the "Skid-Control Unit" in her Prius was defective, and caused her to lose control while driving. [Filing No. 1 at 3-4.] Ms. Richard asserts claims for: (1) strict liability/failure to warn/product liability; (2) negligence; (3) deceit; (4) violation of the Indiana Deceptive Consumer Sales Act; (5) breach of the implied warranty of merchantability; (6)

1

revocation of acceptance; (7) breach of contract/common law warranty; (8) unjust enrichment; and (9) fraudulent concealment. [Filing No. 1 at 2-19.]

On February 5, 2016, TMS filed a Notice of Potential Tag Along Action in *In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2151 ("*In re: Toyota*"), a multi-district litigation ("MDL") pending before the Judicial Panel on Multidistrict Litigation ("JPML") which may involve issues similar to the ones Ms. Richard raises in this case. [*See* Filing No. 597 in *In re: Toyota*.] In the Notice, TMS requested that the JPML transfer Ms. Richard's case to the MDL. [Filing No. 597 at 1 in *In re: Toyota*.] On February 11, 2016, the JPML entered a Conditional Transfer Order in *In re: Toyota*, transferring Ms. Richard's case to the MDL, but stating that "[i]f any party files a notice of opposition with the Clerk of the Panel within [seven days of entry of the Order], the stay [of the Order] will be continued until further order of the Panel." [Filing No. 598 in *In re: Toyota*.] Ms. Richard filed a Notice of Opposition to the Conditional Transfer Order on February 19, 2016. [Filing No. 600 in *In re: Toyota*.]

On February 26, 2016, Ms. Richard filed the pending Motion to Disqualify Toyota's counsel. [Filing No. 33.] On March 7, 2016, Ms. Richard filed a Motion to Vacate Conditional Transfer Order in *In re: Toyota*, and Toyota responded to the motion on March 25, 2016. [Filing No. 605 and Filing No. 608 in *In re: Toyota*.] A hearing on Ms. Richard's Motion to Vacate is scheduled with the JPML for May 26, 2016. [*See* Filing No. 613 in *In re: Toyota*.]

## II.
### DISCUSSION

In the pending Motion to Disqualify, Ms. Richard claims that Toyota's counsel have violated numerous Indiana Rules of Professional Conduct, Indiana rules related to the admission and discipline of attorneys, and other laws in connection with their attempt to transfer her case to

2

the MDL, and requests that Toyota's counsel be disqualified and "permanent[ly] disbar[red] from Indiana and all applicable states in which they are so licensed to practice," and that their respective law firms be "sanctioned." [*See* Filing No. 33 at 6.] The Court will address each specific rule violation Ms. Richard raises after setting forth a brief summary of the law that applies to motions to disqualify counsel, and discussing the propriety of seeking to transfer Ms. Richard's case to the MDL.

### A. Applicable Law

The Seventh Circuit Court of Appeals has instructed that "disqualification is a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993) (quoting *Schiessle v. Stephens*, 717 F.2d 417, 419-20 (7th Cir. 1983)). Motions to disqualify counsel must be "viewed with extreme caution…." *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982). In considering a motion to disqualify counsel, the Court will follow a two-step analysis: "(1) whether an ethical violation has occurred, and (2) if so, whether disqualification is the appropriate remedy for the violation." *Mills v. Hausmann-McNally, S.C.*, 992 F.Supp.2d 885, 890 (S.D. Ind. 2014).

### B. Propriety of Seeking Transfer of Ms. Richard's Case to the MDL

Because Ms. Richard bases many of her arguments on the premise that it was somehow improper for Toyota's counsel to seek to transfer her case to the pending MDL, the Court considers that issue first. 28 U.S.C. § 1407 governs the transfer of individual lawsuits to a pending MDL. Section 1407(a) provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." Section 1407(c) states that "[p]roceedings for the transfer of an action under this action may be initiated by -- …(ii) motion filed with the panel by a party in

any action in which transfer for coordinated or consolidated pretrial proceedings under this section may be appropriate." 28 U.S.C. § 1407(c).

The Court finds nothing inappropriate with any of the Defendants or their counsel seeking to transfer Ms. Richard's case to the MDL. 28 U.S.C. § 1407(c) provides for notice to all parties in the action, and a hearing to determine whether transfer is appropriate, and in fact that hearing has been set to consider whether Ms. Richard's case should be transferred. There simply is nothing improper about any of Toyota's counsel seeking transfer under 28 U.S.C. § 1407.

### C. Alleged Violations of Indiana Rules of Professional Conduct

Ms. Richard alleges several violations of the Indiana Rules of Professional Conduct. The Court will address them in the order they were raised by Ms. Richard.

#### 1. Rule 4.4

Indiana Rule of Professional Conduct 4.4 states: "[i]n representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person." Ms. Richard contends that Toyota's counsel violated Rule 4.4 by erroneously contacting the attorneys handling the MDL which created "unsolicited and inappropriate" obligations for her, such as responding to JPML correspondence and phone calls pertaining to the MDL. [Filing No. 33 at 3.] Furthermore, Ms. Richard contends the transfer filings were improper and relies on 28 U.S.C. 1404(a), which she believes controls the transfer to the MDL. [Filing No. 33 at 4.]

In response, Toyota's counsel argues that moving to transfer Ms. Richard's case to the MDL was appropriate. [Filing No. 35 at 3.] Counsel correctly points out that 28 U.S.C. § 1404

4

does not apply to transfers of individual cases to an MDL, but rather it is 28 U.S.C. § 1407 that controls. [Filing No. 35 at 4.][1]

As discussed above, the Court has already found that there was nothing improper with Toyota and its counsel seeking to transfer this matter to the pending MDL. That transfer is governed by 28 U.S.C. § 1407, not 28 U.S.C. § 1404 as Ms. Richard contends, and Toyota's counsel did not violate Indiana Rule of Professional Conduct 4.4 by seeking transfer. Accordingly, any communication resulting from the motion to transfer cannot be said to be burdensome. Ms. Richard has not presented any evidence that Toyota's counsel violated Indiana Rule of Professional Conduct 4.4.

       2.    *Rule 4.1*

Indiana Rule of Professional Conduct 4.1 states that:

In the course of representing a client a lawyer shall not knowingly:

(a) make a false statement of material fact or law to a third person; or

(b) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.

Ms. Richard argues that Toyota's counsel violated Rule 4.1 because counsel for TMS and counsel for TEMA stated in a Court filing that they would be requesting Ms. Richard's case be transferred to the MDL, but that counsel for TMC actually made that request. [Filing No. 33 at 7-8.] Ms. Richard also argues that it was misleading for counsel in the MDL to "fail[] to disclose concurrent representation of TMC in [the MDL]" when it filed the Notice of Potential Tag Along Action in the MDL. [Filing No. 33 at 7-8 (emphasis omitted).]

---

[1] Ms. Richard filed a reply brief in support of her motion, but she simply reiterates arguments made in her opening brief. [*See* Filing No. 38.]

Toyota responds that TMS actually filed the Notice of Potential Tag Along Action in the MDL, so Ms. Richard's argument is without merit.  [Filing No. 35 at 5.]

Toyota is correct that the Notice of Potential Tag Along Action was filed by TMS, so any argument premised on TMC filing the Notice is baseless.  Additionally, as discussed above, the Court finds nothing inappropriate with any of Toyota's counsel filing a Notice of Potential Tag Along Action, and the same holds true for simply stating their intention to do so.

      3.      *Rule 8.4*

Indiana Rule of Professional Conduct 8.4 provides that "[i]t is professional misconduct for a lawyer to: (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;…(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; [or] (d) engage in conduct that is prejudicial to the administration of justice…."  Ms. Richard argues that Toyota's counsel violated these subsections of Rule 8.4 by misleading the Court regarding which counsel represented which Defendants, by filing false and misleading corporate disclosure statements, and by misleading Ms. Richard so that she could not properly serve TMC.  [Filing No. 33 at 8-9.]

Toyota argues that their counsel did not make any false statements regarding which entities they represented, that there are no false statements in the corporate disclosure statements, and that the Court has already rejected Ms. Richard's argument that service on TMS and TEMA also constituted service on TMC.  [Filing No. 35 at 6.]

The comments regarding Rule 8.4 of the Indiana Rules of Professional Conduct provide insight into what kind of activities the rule seeks to deter.  Comment 1 refers to knowing violations of the Rules of Professional Conduct, either through inducement or through an agent "on the lawyer's behalf."  Ind. Rules of Prof'l Conduct R. 8.4 cmt 1.  Comment 2 refers to activities that

6

involve "moral turpitude" in connection with the character and fitness to practice law, and states that "[o]ffenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category." Ind. Rules of Prof'l Conduct R. 8.4 cmt 2.

Ms. Richard has provided no evidence whatsoever that Toyota's counsel violated Rule 8.4. Mere speculation that misrepresentations occurred is not enough to find that counsel engaged in misconduct. The Court does not need to delve into TMC's corporate structure. Corporate disclosures reflecting who owns the various Defendant entities are not material to the pending motion. Similarly, Ms. Richard's accusations that Toyota's counsel somehow "maliciously defrauded" the Court, [*see* Filing No. 33 at 8], are not supported by any evidence. The Court finds that no violation of Rule 8.4 has occurred.

    4.    *Rule 3.4*

The subsection of Rule 3.4 Ms. Richard contends Toyota's counsel violated provides:

A lawyer shall not:

(f) request a person other than a client to refrain from voluntarily giving relevant information to another party unless:

    (1) the person is a relative or an employee or other agent of a client; and

    (2) the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information.

Ms. Richard asserts that Toyota's counsel violated this rule by sending her an email that stated "[p]lease stop sending papers you file to our clients." [Filing No. 33 at 13.] Ms. Richard states that the Pro Se Handbook published by the Court provides that she can serve Defendants, rather than their lawyers, with filings. [*See* Filing No. 33 at 14-15.] Toyota responds that counsel made the request in accordance with Fed. R. Civ. P. 5, and that the Pro Se Handbook does not

7

allow for service to be made on an opposing party when they are represented by counsel. [Filing No. 35 at 6-7.]

The Pro Se Handbook Ms. Richard refers to provides that "[s]ervice and filing of pleadings, motions and other papers is provided for in Rule 5 of the *Federal Rules of Civil Procedure*." http://www.insd.uscourts.gov/ (last viewed April 28, 2016). Fed. R. Civ. P. 5 states that "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Accordingly, there was nothing improper about Toyota's counsel asking Ms. Richard to stop serving filings directly on their clients, and doing so did not violate Indiana Rule of Professional Conduct 3.4.

**D. Alleged Violations of the "Indiana Rules on Admission and Discipline"**

Ms. Richard argues that Toyota's counsel violated "Rule 3 of the Indiana Rules on Admission and Discipline," which she contends states:

> A member of the Bar of another state or territory of the United States, or District of Columbia, may appear, in the trial court's sole discretion, in Indiana trial courts in any particular proceeding for temporary period so long as said attorney appears with local Indiana counsel after petitioning the trial court for the courtesy and disclosing in said petition all pending causes in Indiana in which said attorney has been permitted to appear. Local counsel shall sign all briefs, papers and pleadings in such cause and shall be jointly responsible therefor.

[Filing No. 33 at 4.]

The Court has been unable to locate "Rule 3 of the Indiana Rules on Admission and Discipline," and notes that Rule 3 of the "Indiana Rules of Court Rules for Admission to the Bar and the Discipline of Attorneys" does not contain the language Ms. Richard quotes. Nevertheless, the actions Ms. Richard alleges Toyota's counsel undertook would not violate the language Ms. Richard quotes in any event.

Specifically, Ms. Richard argues that counsel for Toyota in *In re: Toyota* was required to appear in this case and is not admitted to practice in Indiana. [Filing No. 33 at 4-5.] Toyota responds that the Indiana Rules on Admission and Discipline do not apply to counsel in the MDL case because it is not pending in Indiana, and that the JPML rules allow every member in good standing of the bar of any United States district court to practice before the JPML. [Filing No. 35 at 4.]

The Court finds that Ms. Richard has not cited any authority, nor is there any authority, requiring counsel for Toyota in the MDL to appear in this action, or to comply with any rules governing the admission and discipline of attorneys in Indiana.

**E. Alleged Violations of the Health Insurance Portability and Accountability Act**

Finally, Ms. Richard argues that Toyota's counsel violated the Health Insurance Portability and Accountability Act ("HIPAA") by "transmit[ting] HIPAA protected health information about [her] and her injuries without her consent to unknown parties" in connection with the MDL. [Filing No. 33 at 6 (emphasis omitted).] Toyota responds that it only disclosed information contained in Ms. Richard's Complaint, which is not redacted and is a matter of public record. [Filing No. 35 at 5.]

Ms. Richard does not provide any details regarding what protected health information she believes Toyota disclosed. [Filing No. 33 at 6; Filing No. 38 at 4.] Additionally, she does not present any evidence indicating that Toyota's counsel disclosed any health details beyond what is contained in the Complaint. "It is beyond dispute that most documents filed in the court are presumptively open to the public…." *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). Furthermore, "[l]itigation is a public exercise; it consumes public resources. It follows that in all but the most extraordinary cases–perhaps those involving weighty matters of national security–

9

complaints must be public." *Levenstein v. Salafsky,* 164 F.3d 345, 348 (7th Cir. 1998). Because Ms. Richard has not provided evidence that health details beyond what is included in her Complaint were disclosed, and since her Complaint is public record, Toyota's counsel did not violate HIPAA by attempting to transfer her case to the MDL and disclosing her Complaint as part of that attempt.

In sum, Ms. Richard has not presented any evidence that Toyota's counsel has violated the Indiana Rules of Professional Conduct, any Indiana rules relating to the admission and discipline of attorneys, HIPAA, or any other law. Accordingly, because no ethical violations have occurred, the Court need not consider whether disqualification or disbarment are appropriate remedies. Toyota's counsel has not engaged in any wrongdoing, and Ms. Richard's Motion to Disqualify Toyota's counsel is **DENIED**.[2]

### III.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** Ms. Richard's *Pro Se* Motion to Disqualify Defendant Counsels. [Filing No. 33.]

Date: May 3, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[2] Because Ms. Richard has not demonstrated that Toyota's counsel have violated any ethical rules or laws, the Court denies all of the relief Ms. Richard requests, including: (1) disqualifying Toyota's counsel; (2) sanctioning Toyota's counsel; (3) prohibiting Toyota and its counsel from communicating with Ms. Richard in any way other than via the mail; (4) waiving Ms. Richard's duty to serve her filings pursuant to Fed. R. Civ. P. 5; (5) granting Ms. Richard an automatic eight-day extension to respond to all of Defendants' motions; (6) ordering Toyota's counsel to submit an affidavit explaining how they have used Ms. Richard's health information in connection with the MDL; (7) advising the JPML of Toyota's counsel's violation of the rules discussed herein; and (8) entering various orders related to Ms. Richard's motions for default. [*See* Filing No. 33 at 17-20.]

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Joyce Richard
2904 E. 16th Street
Indianapolis, IN 46201-1214